b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT MORGAN, ET AL., Plaintiffs | CIVIL DOCKET NO. 1:21-CV-0O531 |
| VERSUS | DISTRICT JUDGE DRELL |
| DEERE & CO., INC., ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Defendants Deer & Co., Inc. ("Deere") and W.L. Doggett, L.L.C. d/b/a Doggett Machinery Services ("Doggett") filed unopposed Partial Motions to Dismiss. ECF Nos. 15, 18. Because Defendants' Motions are unopposed and the Complaint has been amended, Defendants' Partial Motions to Dismiss (ECF Nos. 15, 18) should be GRANTED.

I. Background.

Plaintiffs Romeaux General Contracting, L.L.C. ("Romeaux Contractors"),[1] Tiger Hunting Lease Services, L.L.C. ("Tiger"),[2] Robert Morgan ("Morgan") (a resident of Louisiana and a former member of Romeaux), Joseph Longlois

---

[1] Romeaux is a Louisiana limited liability company. Its sole member is Joseph Longlois, a Louisiana resident.

[2] The members of Tiger Hunting Lease Services, L.L.C. were not named and their states of citizenship were not provided. The Louisiana Secretary of State's records appear to indicate that Ricky G. Thomas and Stacey Thomas, both residents of Louisiana, are the sole members. The citizenship of a limited liability company is determined by the citizenship of all its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).

("Longlois") (sole member and manager of Romeaux), and Ricky G. Thomas ("Thomas") (a resident of Louisiana and manager of Tiger), filed a Complaint pursuant to 28 U.S.C. § 1332 for recission of the sale of a track loader (with mulcher and accoutrements) under Louisiana's redhibition laws. ECF Nos. 1. Plaintiffs seek a jury trial, rescission of the contract of sale, monetary damages, interest, attorney fees, and costs. ECF No. 1.

The named Defendants are Deere & Company, Inc. ("Deere") (a financial services company),[3] and W.L. Doggett, L.L.C. d/b/a Doggett Machinery Services ("Doggett") (the seller).[4]

Deere filed a "Partial Motion to Dismiss" (ECF No. 15), contending the sole purchaser of the track loader was Romeaux. Because Tiger, Longlois, Morgan, and Thomas were not the purchasers, they do not have a cause of action for rescission of the sale. Doggett also filed a "Motion for Partial Dismissal" (ECF No. 18), alleging the same grounds.

In response, Plaintiffs filed a Motion to Amend/Correct Complaint (ECF No. 27), which was granted (ECF No. 32). The Amended Complaint (ECF No. 36), names Romeaux as the sole Plaintiff.

Deere then answered the Complaint and asserted affirmative defenses. ECF No. 37. Doggett has not yet answered.

---

[3] Deere is incorporated in Delaware and has its principal place of business in Illinois.

[4] Doggett it a limited liability company. Its sole member, W.M. Leslie Doggett, is a citizen of Texas.

## II. Law and Analysis

Defendants' motions ask for dismissal of all Plaintiffs except Romeaux. Although the Complaint was amended to name Romeaux as the sole Plaintiff, the other Plaintiffs were not dismissed from the action.[5]

Voluntarily dismissal of a plaintiff's claims is accomplished pursuant to Fed. R. Civ. P. 41(a)(1), which provides that a plaintiff may voluntarily dismiss an action without court order in one of two ways: (1) by filing a motion of dismissal before the opposing party serves an answer or files a motion for summary judgment; or (2) by filing a stipulation of dismissal signed by all parties who have appeared.

In an attempt to remove themselves from this action, Plaintiffs filed an unopposed Motion to Amend/Correct Complaint (before Defendants answered or filed a Motion for Summary Judgment) that removed Tiger, Morgan, Langlois, and Thomas as named plaintiffs. ECF No. 27. In their Motion to Amend, Plaintiffs state that "Defendants' Motions for Partial Dismissal were resolved by consent of the parties to have Plaintiffs remove certain parties, who will no longer be Plaintiffs herein." ECF No. 27. Although the Motion to Amend did not effect a Rule 41 dismissal of Tiger's, Morgan's, Langlois's, and Thomas's actions, that was clearly their intent.

---

[5] Although the Clerk of Court "terminated" the other Plaintiffs on the record when the Motion to Amend/Correct Complaint was granted (ECF No. 32), the Motions to Dismiss were not granted and the Plaintiffs were not dismissed with prejudice from the action.

Because Defendants' Motions for Partial Dismissal (ECF Nos. 15, 18) are unopposed and the Amended Complaint comports with Defendants' motions, the Motions to Dismiss should be granted. The actions of Tiger Hunting Lease Services, L.L.C.,[6] Robert Morgan, Joseph Longlois, and Ricky G. Thomas against all Defendants should be dismissed with prejudice.

## III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motions for Partial Dismissal (ECF Nos. 15, 18) be GRANTED, and that the actions of Tiger Hunting Lease Services, L.L.C., Robert Morgan, Joseph Longlois, and Ricky G. Thomas be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No

---

[6] Diversity was not determinable to a certainty at the time the original Complaint was filed, due to the failure to show the citizenship of Tiger Hunting Lease Services, L.L.C.. However, any issue as to Tiger's citizenship has been voluntarily removed by Tiger's dismissal from the action, and will not recur. Therefore, by extension of the reasoning in *Scott v. Communications Services, Inc.,* 762 F. Supp. 147, 151 (S.D. Tex. 1991), *aff'd*, 961 F. 2d 1571 (5th Cir. 1992), diversity exists in this case. *See also Scheinblum v. Lauderdale County Board of Supervisors,* 350 F. Supp. 2d 743, 745 n.3 (S.D. Miss. 2004) (citing 8 Moore's Federal Practice § 41.21(4)) ("[T]he court concludes that plaintiffs' voluntary dismissal of the ten nondiverse plaintiffs in the instant action cured any jurisdictional defect, and accordingly, this court has jurisdiction over the remaining five nonresident plaintiffs as they proceed against these resident defendants.").

other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___18th___ day of February, 2022.

Joseph H.L. Perez-Montes
United States Magistrate Judge